1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BJORN ERIK HAAPANIEMI,                    Case No.  1:23-cv-00074-HBK (HC)

12                   Petitioner,                ORDER DIRECTING CLERK OF COURT TO
                                                ASSIGN CASE TO DISTRICT JUDGE
13           v.
                                                FINDINGS AND RECOMMENDATIONS TO
14    FED. BUREAU OF PRISONS, UNITED            DISMISS FIRST AMENDED PETITION FOR
      STATES OF AMERICA,                        FAILURE TO STATE A CLAIM[1]
15
                     Respondents.               (Doc. No. 11)
16
                                                FOURTEEN-DAY OBJECTION PERIOD
17
                                                ORDER DIRECTING CLERK TO PROVIDE
18                                              PETITIONER WITH CIVIL RIGHTS
                                                COMPLAINT FORM
19

20

21           Petitioner Bjorn Erik Haapaniemi, a federal prisoner, is proceeding pro se on his First

22    Amended Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 11).

23    Although submitted on a habeas corpus form, Petitioner acknowledges that his claim involves

24    "jail or prison conditions" and, as such, is properly pursued via either a claim under the Federal

25    Torts Claim Act or a civil rights complaint under *Bivens v. Six Unknown Named Agents of*

26    *Federal Bureau of Narcotics*, 403 U.S. 388, 392-97 (1971).  Thus, the undersigned recommends

27    _____

28    [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
      (E.D. Cal. 2022).

that the First Amended Petition be dismissed for failure to state a cognizable habeas claim.

## I. APPLICABLE LAW AND ANALYSIS

### A. The Claims Do Not Spell Earlier Release

This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[2]  *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243.  Under Rule 4, the Court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983.  *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).[3]

The First Amended Petition asserts two grounds for relief.  (Doc. No. 11 at 2-3).  To the extent discernable, Petitioner claims that (1) he has been improperly "sent to a GP yard" where "he cannot possibly participate in anything but SHU placement" and (2) he is not receiving proper medical treatment.  (*Id.*).  Because the success of either claim would not lead to Petitioner's immediate or earlier release from confinement, the undersigned finds the Petition fails to state a cognizable habeas claim.  Instead, because Petitioner is a federal prisoner his claims should be brought via the Federal Torts Claim Act[4] or via a civil action under *Bivens*.  Thus, the undersigned recommends that the First Amended Petition be dismissed for lack of federal habeas

---

[2] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  *See* Rule 1 of the Rules Governing Section 2254 Cases.  Civil Rule 81(a)(2) provides that the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of civil actions."  Fed. R. Civ. P 81(a)(2).

[3] In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via § 1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus," meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."  *Id.* at 931 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973)); *Skinner v. Switzer*, 562 U.S. 523, 535 (2011).

[4] Although generally a federal prisoner may bring both a FTCA and *Bivens* claim in the same lawsuit, a FTCA claim is the only remedy for injuries caused by action so the United States Public Health Service physician under 42 U.S.C. § 233(a).  *Hui v. Castaneda*, 559 U.S. 799 (2010).

1   jurisdiction.

2   **B. Conversion to Civil Rights Complaint Not Appropriate**

3   Next, the undersigned considers whether to convert the Petition into a civil rights

4   complaint.  "If the complaint is amenable to conversion on its face, meaning that it names the

5   correct defendants and seeks the correct relief, the court may recharacterize the petition so long as

6   it warns the pro se litigant of the consequences of the conversion and provides an opportunity for

7   the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case

8   to district court to consider claim under § 1983).  When filing a *Bivens* claim[5] or § 1983 claim,

9   courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2)

10  deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United*

11  *States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  A person deprives another of a constitutional right,

12  "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative

13  act, or omits to perform an act which he is legally required to do that causes the deprivation of

14  which complaint is made.'"  *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183

15  (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

16  The undersigned finds the First Amended Petition is not properly convertible to a *Bivens*

17  civil rights complaint for two reasons.  First, Petitioner names only the Federal Bureau of Prisons

18  as Respondent.  A *Bivens* action may only be brought against an individual defendant in his

19  individual capacity, not in his official capacity.  Petitioner does not identify as respondents any

20  persons who allegedly committed the affirmative acts or omissions that allegedly violated his

21  rights.  Second, automatic conversion would run counter to the Prison Litigation Reform Act.

22  The filing fee for a habeas petition is $5 in contrast to the $350 filing fee assessed to prisoners if

23  granted *in forma pauperis* status in a civil action.  Further, under the Prisoner Litigation Reform

24  Act, a prisoner is required to pay the full filing fee, even if he is granted *in forma pauperis* status,

25  by way of deductions from the prisoner's trust account.  *See* 28 U.S.C. § 1915(b)(1).  If the Court

26  did convert this action to a § 1983 action, Petitioner would face the larger filing and

27

28  [5] The Supreme Court generally recognizes that "a Bivens action is the federal analog to suits brought against state officials under  . . . 42 U.S.C. § 1983."  *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2002).

1  administrative fees—which he might prefer not to do.

2        While the undersigned finds the First Amended Petition is not amendable to conversion,

3  Petitioner is free to file a civil action under the FTCA or *Bivens* in a separate action, if

4  appropriate.  In doing so, Petitioner is advised that a complaint must contain a short and plain

5  statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to

6  state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

7  (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do

8  not suffice.  *See Iqbal*, 556 at 678.  If the allegations "do not permit the court to infer more than

9  the mere possibility of misconduct," the complaint states no claim.  *Id*. at 679.  The complaint

10  need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d

11  1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations

12  that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257,

13  1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).  The complaint must state what actions

14  each named defendant took that deprived plaintiff of constitutional or other federal rights.  *See*

15  *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Further, a plaintiff

16  must identify what relief he seeks on his complaint.

17  **II.  RECOMMENDATION AND ORDER**

18        Accordingly, it is **ORDERED**:

19        1.  The Clerk of Court is directed to send Petitioner a civil rights complaint form with

20  these Findings and Recommendations.

21        2.  The Clerk of Court is directed to assign this case to a District Judge for the purposes of

22  reviewing these findings and recommendations.

23        It is further **RECOMMENDED**:

24        The First Amended Petition be dismissed for failure to state a cognizable habeas claim.

25  (Doc. No. 11).

26  **NOTICE TO PARTIES**

27        These findings and recommendations will be submitted to the United States District Judge

28  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14)**

**days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


Dated:    February 17, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5