UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BJORN ERIK HAAPANIEMI,<br><br>               Petitioner,<br><br>     v.<br><br>FED. BUREAU OF PRISONS, UNITED STATES OF AMERICA,<br><br>               Respondents. | Case No.   1:23-cv-00074-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S CONSTRUED MOTIONS TO SUPPLEMENT FIRST AMENDED PETITION<br><br>(Doc. Nos. 12, 15) |

      Petitioner Bjorn Erik Haapaniemi, a federal prisoner proceeding pro se, has pending a First Amended Petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. No. 1).  On February 16, 2023, Petitioner filed a pleading entitled "Request Court Consider BOP Normal Operation in re: Protective Custody Transfers."   (Doc. No. 12).  On February 17, 2023, the undersigned entered findings and recommendations to dismiss the First Amended Petition for failure to state a claim.  (Doc. No. 14).   On March 7, 2023, Petitioner filed a pleading entitled "Request to Enter Updated or Partial Relief Effort by FCI Mendota."   (Doc. No. 15).

      The Supreme Court has instructed the federal courts to liberally construe the "inartful pleading[s]" of pro se litigants.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).  Here, in his "request to consider BOP normal operation in re: protective custody transfers," Petitioner seeks "[t]o bring to the court's attention another issue regarding disciplinary issues" and asks the Court

to consider the pleading with his "main filing." (Doc. No. 12 at 1, 6). In his "request to enter updated or partial relief" Petitioner similarly wishes to update the Court with new facts that have occurred since he filed his First Amended Petition. (Doc. No. 15 at 1-2). Thus, the Court construes the pleadings as Petitioner's attempt to further amend or supplement his First Amended Petition for writ of habeas corpus. Any amended or supplemented pleading must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Thus, both motions to file an addendum or an amendment to his First Amended Petition are procedurally improper.

Accordingly, it is **ORDERED**:

Plaintiff's construed motions to amend or supplement his First Amended Petitioner (Doc. Nos. 12, 15) are DENIED as procedurally improper.

Dated:   March 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE